WILLIAM BARRIE, Plaintiff, *v.* METROPOLITAN MIRROR AND GLASS Co., INC., Defendant.

Supreme Court, Special Term, Queens County, June 28, 1962.

*Perles, Cohen & Levy* for plaintiff. *Charles Gadd* for defendant.

JOHN F. SCILEPPI, J. In this action for commissions alleged to have been earned by plaintiff as a sales agent for the defendant, the defendant moves for summary judgment. The plaintiff opposes said motion and makes a cross motion for an order permitting him to discontinue the action upon payment of taxable costs.

This action was preceded by another action commenced in January, 1961 based in all substantial respects on the same allegations as contained in the present complaint and brought by the same plaintiff against the same defendant. The complaint in that action was dismissed by order of this court for legal insufficiency. No leave to plead over was either requested by plaintiff or allowed by the court, and judgment dismissing the complaint was entered on April 26, 1961. No appeal was taken by plaintiff.

On April 28, 1961 the summons and complaint in this action was served upon the defendant. The complaint herein is based upon the same allegations as in the previous complaint, except that the plaintiff now prays for money damages instead of a declaratory judgment. Defendant interposed its answer and served a demand for a verified bill of particulars dated July 6, 1961. Plaintiff failed to serve any bill of particulars but moved to vacate numerous items of said demand. Except for a minor modification, plaintiff's motion was denied *in toto* by order of this court dated September 26, 1961 which directed the plaintiff

to serve a bill of particulars as demanded within 20 days. Three weeks thereafter, plaintiff made a second motion to vacate items of the demand which had been previously sustained by the court. That motion was denied by order dated November 27, 1961. At the same time, the court granted the defendant's cross motion for an order of preclusion giving the plaintiff a final 10 days within which to serve the required bill of particulars. The plaintiff on December 11, 1961 served a paper purporting to meet the requirements of the preclusion order but failed to do so. The defendant's subsequent motion for an absolute order of preclusion against the plaintiff was granted by order of this court dated February 19, 1962. The plaintiff then moved to resettle this order, which motion was denied on April 9, 1962. Plaintiff then made a further motion to reargue and to resettle the order of absolute preclusion which was denied on May 23, 1962. No appeal from any of these orders was taken by plaintiff. Therefore, the order of absolute preclusion precludes plaintiff from any possibility of establishing a cause of action upon any trial of this case. Moreover, the written correspondence between the parties indicates that the plaintiff's employment was not to start and did not start until he received a written confirmation from the defendant.

While ordinarily the court in its discretion will permit a discontinuance, the legal history of this case requires a denial of plaintiff's motion. Plaintiff has commenced two separate actions based substantially upon the same allegations. The first one was dismissed and in this action a final order of preclusion against the plaintiff has been entered.

Accordingly, the defendant's motion for summary judgment is granted and the plaintiff's motion to discontinue is denied.